841

**SWITZER et al. v. MARZALL, Commissioner of Patents.**

No. 3919-50.

United States District Court, District of Columbia.

July 21, 1952.

Ely & Frye, Cleveland, Ohio, and Bacon & Thomas, Washington, D. C., for plaintiff.

E. L. Reynolds, Sol., U. S. Patent Office, Washington, D. C., for defendant.

WILKIN, District Judge (Sitting by designation.)

This action was brought under Section 4915, Revised Statutes, 35 U.S.C.A. § 63. The Complaint referred to Claims 1 to 18 of the plaintiffs' Application, Serial No. 455610, and in the words of the statute, asked the Court to adjudge that such applicants are entitled, according to law, to receive a patent for their invention, as specified in their claims or for any part thereof, as the facts in the case may appear. The Complaint alleges that the Primary Examiner and the Board of Appeals of the United States Patent Office had refused a patent upon such application. The case came on for trial in this Court and was submitted on the evidence, argument, and briefs.

The patent application deals with the use of colorless ultra-violet light absorber in connection with fluorescent dyed filaments for the purpose of increasing the color fastness (permanence) without changing or diminishing their daylight fluorescent brightness.

On the day of trial plaintiffs' counsel, with the consent of defendant, withdrew Claims 15 to 18 from the case, leaving only Claims 1 to 14 for consideration of this Court.

It seems to the Court that plaintiffs would have done well to withdraw also Claims 13 and 14. Such claims call for a "palette" of fluorescent colors protected by a fluorescent filter. This Court finds nothing patentable in a "palette" of colors. During the trial the Court, in order to make clear what these two claims called for, said to the plaintiffs' principal witness, "You really want your patent extended to all the combinations or category of shades and colors to which you apply the process or article covered by your prior claims". The witness replied "That's it.—And we assumed that the 'palette'—the word 'palette' means to me that it is a spectrum of colors which

is generally intended to be blended together —it is a category of colors which you do mold together." And the Court remarked at the time, "I can see some question there." (Record p. 76)

■ Further study of the case constrains the Court to the opinion that such a "palette" is not invention. Counsel for defendant maintained that the extension of the process described in the prior claims to a plurality of colors as described in Claims 13 and 14 could not be invention, saying, "Lack of invention would seem to be obvious from the mere statement of the question". Counsel for defendant further argued that the plaintiffs in providing a range of fluorescent colors were anticipated by the Murray patents. (Defendant's exhibit I.) As to these claims the Court sustains the contention of the defendant.

Coming now to a consideration of Claims 1 to 12, it was agreed by counsel that Claims 1 to 7 were directed to an article of manufacture comprising conventional daylight fluorescent media in association with a filter opaque to ultra violet light for the purpose of protecting the fluorescent dyes from fading; that Claims 8, 9 and 10 were directed to methods of manufacturing such articles; and that Claims 11 and 12 were article claims similar to Claims 1 to 7 but more specific as to the dyes employed and the ultra violet absorbing chemicals.

■ The withdrawal of Claims 15, 16, 17 and 18, the new and additional testimony, exhibits, and demonstrations offered during the trial present an issue different from the issue presented to the Primary Examiner and the Board of Appeals of the Patent Office, and modify to great extent the presumption of validity that usually attends the administrative decisions of the patent office.

The Court was favorably impressed by the demonstrations made in the courtroom. After hearing the witness Switzer explain what he and his associates had done, what they discovered and what the effect of their process was, the Court remarked, "I can see how that is a process and it is a result, a product". A further study of the testimony and the exhibits convinces the Court that the plaintiffs have developed a novel article and process and that Claims 1 to 12 are warranted by the article and process and are free from the objections which the patent office had raised against all the claims before the withdrawal of the broader Claims 15, 16, 17 and 18.

The most serious objections to the plaintiffs' application are found in the assertions of the defendant that "The plaintiffs' step forward was a routine advance in the art"; "The plaintiffs were merely following the teaching of the prior art in a routine fashion;" and made only such use of the known facts as "the ordinary skilled worker in the art would have made"; and that the plaintiffs' accomplishment had been anticipated by a certain Australian patent generally referred to as the Phillips patent.

The Court finds that the foreign patents did not teach what the plaintiffs accomplished. It is true the prior work with fluorescent colors was based upon certain common assumptions, and as a matter of course those assumptions prompted certain experiments by the plaintiff. The results obtained by the plaintiffs however, were contrary to some of the prior assumptions.

There was a crying need, expressed directly to the plaintiffs by high military authorities of our country, for fluorescent colors that would not fade so readily. The plaintiffs began a course of experimentation which finally supplied the need and they received an acknowledgement of that fact from the military authorities.

The testimony of the witness Switzer (Record pp. 24–47; 74–76 and 84–88) so clearly reveals the problem, the pioneering work, the scientific understanding and the final discovery, that one who reads it is impressed by the fact, as the Court was when it heard the testimony, that it presents the substance of invention. Sometimes the change in use of accepted materials and the advance in the art is slight, but invention is not measured solely by extent of change in use of accepted materials or the distance of advance from former practices. Inventions are somewhat like precious jewels, whose value is

indicated not so much by size as by brilliance. If a mechanical change or routine adjustment produces merely a mechanical or routine result it is not invention, even though it is improvement. But if a change or adjustment produces an extraordinary result, then the change or adjustment takes on something of the character of the accomplishment.

The defendant says also, "An unexpected result does not constitute invention". And that is of course true, an unexpected result does not of itself, or alone, constitute invention. But let us not forget that the Constitution authorized patent laws for the protection of "discoveries". If an unexpected result does not constitute invention, it certainly should not disparage an inventor's accomplishment. If a fisherman catches a bigger or more valuable fish than he had expected, it does not detract from the glory of his catch because he used the customary gear or fishing tackle. The extraordinary nature of an accomplishment implies an extraordinary use or application of the ordinary implements and a more profound understanding of the science, art or craft; and if the use or application is original and useful, it is invention. If the trend of the teaching of prior art had been against such use for the desired result, (as in this case—record pages 46 and 47) then that is additional proof of invention. A sound public policy supports the provision of the patent law to promote the progress of science by securing to inventors the exclusive right to their "discoveries."

It seems to the Court from a consideration of all the evidence, that the process and article produced by the plaintiffs have such originality and usefulness as to entitle them to a patent. If the plaintiffs have not created "The light", they have produced a brilliance and fastness of color, "that never was, on sea or land".

Judgment for plaintiffs based upon Claims 1 to 12 inclusive of their patent application. Complaint dismissed as to Claims 13 and 14. Counsel for plaintiffs may prepare final entry.

In passing, the Judge of this Court feels prompted to say that it was a pleasure to read the briefs submitted by counsel. They presented the issue clearly and concisely, without waste of words or confusion of argument. The whole case indeed was presented in a forthright and professional manner. Since we were dealing with Light —a mystery, the effects of which we are still discovering, but the essence of which still eludes us—it is commendable that counsel did not resort to heat. I do not know what scientific opinion is, but legal opinion maintains that light is more effective than heat. Scientists have probably had no occasion to consider the weight of light, but a competent court knows that light has more weight than has argument.